UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM G. MUNN BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 10-1334 (GK) |
| | ) |
| DEPARTMENT OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff William G. Munn Bey brings this action pro se against Defendants the Department of Corrections ("DOC"), Executive Director of DOC Devon Brown, Deputy Director of DOC Pat Britton,[1] and Warden Simon Wainwright for violations of his rights under the First Amendment, pursuant to 42 U.S.C. § 1983, and for violations of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb. This matter is now before the Court on Defendants' Motion to Dismiss [Dkt. No. 17] and Plaintiff's Motion for Summary Judgment on the Pleadings [Dkt No. 21]. Upon consideration of the Motions, Oppositions, supplemental briefs, and the entire record herein, the Court concludes that Defendants' Motion to Dismiss is **granted** and Plaintiff's Motion for Summary Judgment is **denied**.

---

[1] To the extent that they are sued in their official capacities, Devon Brown and Pat Britton are replaced by Thomas N. Faust and Carolyn Cross pursuant to Federal Rule of Civil Procedure 25(d).

**I. Background**[2]

Munn Bey is currently a prisoner at the Federal Correctional Institution ("FTC"), in Talladega, Alabama. At the time the relevant events transpired, however, Munn Bey was held at the District of Columbia Jail.

Munn Bey is a practicing Muslim and member of the Moorish Science Temple of America. Munn Bey observes Friday as a Holy Day and, until sometime in the fall of 2009, Munn Bey and fellow members of the Moorish Science Temple of America were permitted to hold services every Friday. However, at some time prior to October 7, 2009, Munn Bey was informed that the Moorish Science Temple of America would no longer be allowed to hold services each Friday, but would instead have to hold their services every other Monday, in order to accommodate conflicting demands on limited space. At the same time, the Sunni Muslim community was permitted to continue their Friday "Jumah" services and to hold two other classes on Fridays.

On October 7, 2009, Munn Bey sent an inmate request slip or otherwise asked for assistance to address the decision not to permit his group to hold services on Fridays. See Defs.' Mot., Ex.

---

[2] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 15 (D.C. Cir. 2008); Shear v. Nat'l Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979). Therefore, unless otherwise noted, the facts set forth herein are taken from the Complaint.

2 [Dkt. No. 17-2]. On January 7, 2010, Munn Bey filed an inmate complaint seeking informal resolution. Id. In response, the D.C. Jail's Chaplain met with Munn Bey, but "Brother Munn did not accept explanation relative to scheduled day for MSOA religious observance." Id. On a form dated March 5, 2010, Munn Bey filed an "Appeal Level 2" directly to the Director of the Department of Corrections. On that form, Munn Bey wrote, "On 2-5-2010, my Appeal Level 1 was filed, On 1-19-2010 the Warden's Administrative Remedy neither answered." Id. Whether these actions sufficed to properly exhaust Munn Bey's administrative remedies is in dispute.

On April 2, 2010, Munn Bey was removed from the D.C. Jail and transferred to the Youngstown Eastern Ohio Correctional Center. Five weeks later, he was sent to FTC.

On August 9, 2010, Munn Bey filed this Complaint, alleging that "he was denied the right to freely exercise his religion under the First Amendment of The Federal Constitution," and that Defendants violated the Religious Freedom Restoration Act, by refusing to allow Friday services and by transferring him to a prison without access to a law library in retaliation for his grievances. Compl. at 1, 6, 7 [Dkt. No. 1]. On January 12, 2011, Defendants filed a Motion to Dismiss ("Defs.' Mot."). On February 16, 2011, Munn Bey filed an Opposition [Dkt. No. 20]. On June 21, 2011, Munn Bey filed a Motion for Summary Judgment. On July 18, 2011, Defendants filed an Opposition [Dkt. No. 26]. On December 12,

2011, and at the direction of the Court, Defendants filed a supplemental praecipe further explaining the factual basis for their argument that Munn Bey failed to exhaust his administrative remedies [Dkt. No. 30]. On December 23, 2011, Munn Bey filed a reply to Defendants' Praecipe [Dkt. No. 31].

**II.   Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. Under the Twombly standard, a "court deciding a motion to dismiss must not make any judgment about the probability of the plaintiffs' success . . . [,] must assume all the allegations in the complaint are true (even if doubtful in fact) . . . [, and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotation marks and citations omitted). A complaint will not suffice, however, if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557) (alteration in Iqbal).

The allegations of a pro se complaint are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, "[e]ven given the special liberality with which we consider pro se complaints, we need not accept inferences unsupported by the facts alleged in the complaint or 'legal conclusions cast in the form of factual allegations.'" Kaemmerling v. Lappin, 553 F.3d 669, 677 (D.C. Cir. 2008) (quoting Henthorn v. Dep't of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994)).

**III. Analysis**

Defendants advance ten separate grounds for dismissal. Defs.' Mot. 1-2. However, it is clear upon review of certain of these arguments and the Complaint itself that the case must be dismissed for want of subject matter jurisdiction. Munn Bey has requested three forms of relief: (1) punitive damages against Defendants Brown and Britton in their personal and official capacities; (2) compensatory damages for stress and emotional injuries against Defendants Brown, Britton, and Wainwright in their personal and official capacities; and (3) injunctive relief.[3] Compl. at 7-8.

---

[3] Munn Bey also requests a declaratory judgment. Compl. at 7. However, "it is a 'well-established rule that the Declaratory Judgment Act is not an independent source of federal jurisdiction. Rather, the availability of [declaratory] relief presupposes the existence of a judicially remediable right.'" Ali v. Rumsfeld, 649 F.3d 762, 778 (D.C. Cir. 2011) (quoting C & E Servs., Inc. of Washington v. D.C. Water & Sewer Auth., 310 F.3d 197, 201 (D.C. Cir. 2002) (alteration in Ali)). Therefore, Munn Bey's request for
(continued...)

Because neither punitive nor compensatory damages are available and the claim for injunctive relief is moot, the Complaint must be dismissed. See Kaur v. Chertoff, 296 F. App'x 80, 80 (D.C. Cir. 2008) ("If this case is moot, we are barred from reviewing it under Article III's case or controversy requirement and therefore lack subject matter jurisdiction." (citing N.C. v. Rice, 404 U.S. 244, 246 (1971))).

### A. Punitive Damages Are Unavailable

#### 1. Official Capacity Punitive Damages Are Unavailable

Defendants argue that Munn Bey's claim for punitive damages should be struck from the Complaint. Defs.' Mot. 7-8. Defendants are absolutely correct that punitive damages are not available against the District of Columbia. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 260 n.21, 271 (1980) ("The general rule today is that no punitive damages are allowed unless expressly authorized by statute."); Daskalea v. District of Columbia, 227 F.3d 443, 446-47 (D.C. Cir. 2000); Reed v. District of Columbia, 474 F. Supp. 2d 163, 166 n.3 (D.D.C. 2007); Finkelstein v. District of Columbia, 593 A.2d 591, 599 (D.C. 1991) (en banc). Because "[a]

---

[3](...continued)
declaratory judgment will not rescue his Complaint.

Additionally, it should be noted that the Department of Corrections is not a suable entity. Chandler v. District of Columbia, Civil Action No. 07-2010 (PLF), 2009 WL 27782865, at *1 (D.D.C. Aug. 28, 2009); Arnold v. Moore, 980 F. Supp. 28, 33 (D.D.C. 1997). For this reason, as well as the reasons explained below, DOC is dismissed from the action.

section 1983 suit for damages against municipal officials in their official capacities is . . . equivalent to a suit against the municipality itself," Munn Bey's claim for punitive damages against Defendants Brown and Britton in their official capacities must be dismissed. Atchinson v. District of Columbia, 73 F.3d 418, 424 (D.C. Cir. 1996); Robinson v. District of Columbia, 403 F. Supp. 2d 39, 49 (D.D.C. 2005).

### 2. Personal Capacity Punitive Damages Are Unavailable

Defendants also argue that Munn Bey has failed to adequately plead a claim against Britton, Brown, or Wainwright in their personal capacities. Defs.' Mot. 24. Munn Bey claims that he should receive punitive damages from Defendants Britton and Brown for retaliating against him for making use of the administrative complaint system.[4] Compl. at 8.

"An individual may be personally liable under Section 1983 only if it is shown that he or she directly participated in the wrongful acts." Waker v. Brown, 754 F. Supp. 2d 62, 64 (D.D.C. 2010); see also Cameron v. Thornburgh, 983 F. 2d 253, 258 (D.C. Cir. 1993); Elkins v. District of Columbia, 610 F. Supp. 2d 52, 64

---

[4] Munn Bey also seeks punitive damages for Britton and Brown's failure to respond to his filed grievances. Compl. at 8. Nowhere in the Complaint, however, does Munn Bey explain how Britton and Brown's failure to personally respond to his grievances is a constitutional violation. Doe by Fein v. District of Columbia, 93 F.3d 861, 869 (D.C. Cir. 1996) (holding that a plaintiff cannot "allege a procedural due process violation without even suggesting what sort of process is due").

(D.D.C. 2009). Moreover, "[p]ublic officials are not vicariously liable for the actions of their subordinates; respondeat superior liability does not apply in § 1983 cases." <u>Elkins</u>, 610 F. Supp. 2d at 64 (citing <u>Haynesworth v. Miller</u>, 820 F.2d 1245, 1259 (D.C. Cir. 1987)). Further, "[a] supervisor who merely fails to detect and prevent a subordinate's misconduct . . . cannot be liable for that misconduct." <u>Int'l Action Ctr. v. United States</u>, 365 F.2d 20, 28 (D.C. Cir. 2004).

First, Munn Bey has made no factual allegations demonstrating retaliation. Munn Bey simply alleges, with no supporting facts, that he "was removed from the D.C. Jail general population upon a Federal transfer that was requested in retaliation for exercising his Constitutional rights." Compl. at 6. The Court "need not accept inferences unsupported by the facts alleged in the complaint or legal conclusions cast in the form of factual allegations." <u>Kaemmerling</u>, 553 F.3d at 677 (internal quotations omitted); <u>Iqbal</u>, 129 S.Ct. at 1949 (complaint will not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" (quoting <u>Twombly</u>, 550 U.S. at 557) (alteration in <u>Iqbal</u>)). Therefore, Munn Bey's allegations of retaliation are insufficient to state a claim.

Second, even if Munn Bey had properly alleged retaliation against the District of Columbia, he has made no allegation that any of the named Defendants personally retaliated against him. Munn Bey fails to allege that Britton or any of the Defendants actually

had any involvement with his transfer. Munn Bey does claim that "Ms. Pat Britton has a history of transferring Department of Corrections inmates to the Youngstown Eastern Ohio Correctional Center." Compl. at 6. But a history or a relationship with Youngstown Eastern Ohio Correctional Center does not show that Britton had any input in Munn Bey's transfer or that the transfer to Youngstown was retaliatory. Therefore, Munn Bey has failed to make sufficient allegations of personal liability. Waker v. Brown, 754 F. Supp. 2d at 64.

In sum, Munn Bey has failed to state a claim against Defendants in their individual capacities. Consequently, Munn Bey's claim for punitive damages is dismissed.

**B.    Damages for Stress and Emotional Injuries Are Unavailable**

Defendants contend that Munn Bey's "claims of 'stress and emotional injuries' warrant dismissal, as he failed to plead or prove a physical injury." Defs.' Mot. 9 (quoting Compl. at 8). Pursuant to the Prison Litigation Reform Act of 1995, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); see Duncan v. Williams, No. 01-7123, 2002 WL 1364380, at *1 (D.C. Cir. Apr. 10, 2002); Davis v. District of Columbia, 158 F.3d 1342, 1346 (D.C. Cir. 1998); Banks v. York, 515 F. Supp. 2d 89, 105-06 (D.D.C. 2007). Because Munn Bey

has not alleged any physical injury, his claims for damages based on stress or emotional injury are dismissed.

### C.  Injunctive Relief Is Unavailable

Finally, Munn Bey seeks an injunction ordering Defendants to permit his religious group, the Moorish Science Temple of America, to hold Holy Day services on Fridays, to improve the administrative grievance system, and to arrange for the Moorish Science Temple to have religious material at the D.C. Jail. Compl. at 8. However, "a prisoner's transfer or release from a prison moots any claim he might have for equitable relief arising out of the conditions of his confinement in that prison." Scott v. District of Columbia, 139 F.3d 940, 941 (D.C. Cir. 1998); Burke v. Lappin, ___F. Supp. 2d___, Civil Action No. 11-0717 (CKK), 2011 WL 5024197, at *4 (D.D.C. Oct. 21, 2011); Webman v. Fed. Bureau of Prisons, Civil Action No. 03-0172 (CKK), 2005 WL 6088711, at *3 (D.D.C. Jan. 4, 2005).

As the Seventh Circuit Court of Appeals explained in finding that the transfer of prisoners to another prison mooted their claim under the free exercise clause, "unaccompanied by any continuing, present injury or real and immediate threat of repeated injury, [plaintiffs'] past exposure to illegal conduct at [their former prison] does not show a pending case or controversy regarding injunctive relief, and we must vacate as moot that portion of their prayer for relief." Young v. Lane, 922 F.2d 370, 373 (7th Cir. 1991) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).

Because Munn Bey has been transferred to FTC, his claim for injunctive relief to remedy harms allegedly ongoing at the D.C. Jail is moot.[5]

Therefore, Munn Bey's claim for injunctive relief must be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Theodore Roosevelt Conservation P'ship v. Salazar, 661 F.3d 66, 79 (D.C. Cir. 2011) ("If it becomes 'impossible for the court to grant any effectual relief whatever to a prevailing party' on a particular claim, that claim must be dismissed." (quoting Church of Scientology v. United States, 506 U.S. 9, 12 (1992))); Kaur, 296 F. App'x at 80 ("If this case is moot, we are barred from reviewing it under Article III's case or controversy requirement and therefore lack subject matter jurisdiction."); Scott, 139 F.3d at 941 (plaintiff's release from confinement renders case moot in absence of claim for damages).

---

[5] Although Defendants did not raise the mootness argument in their papers, "a district court may dismiss a complaint sua sponte . . . pursuant to Fed. R. Civ. P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction." Evans v. Suter, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. June 28, 2010); Hurt v. U.S. Court of Appeals for the D.C. Cir., 264 F. App'x 1, 1 (D.C. Cir. 2008) (affirming district court's dismissal of pro se complaint because "[i]t was proper for the district court to analyze its own jurisdiction sua sponte and dismiss the case for lack of jurisdiction."); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**IV. CONCLUSION**

Because, for the reasons stated above, the claims for damages have been dismissed and the claim for injunctive relief has been dismissed as moot, Defendants' Motion to Dismiss is **granted** and Plaintiff's Motion for Summary Judgment is **denied.**


March 16, 2011
        /s/
Gladys Kessler
United States District Judge


Copies to: attorneys on record via ECF

and

William G. Munn Bey
R03099-000
Gilmer Federal Correctional Institution
Inmate Mail/Parcels
P.O. BOX 6000
Glenville, WV 26351